**A WOMAN'S FRIEND PREGNANCY RESOURCE CLINIC, a California Religious Nonprofit Corporation; Crisis Pregnancy Center of Northern California, a California Religious Nonprofit Corporation; Alternative Women's Center, Plaintiffs–Appellants,**

v.

**Kamala HARRIS, Attorney General, State of California, Defendant–Appellee.**

**No. 15-17517**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2016
San Francisco, California

Filed October 14, 2016

Matthew B. McReynolds, Esquire, Attorney, Kevin Trent Snider, Chief Counsel, Pacific Justice Institute, Sacramento, CA, Michael John Peffer, Esquire, Senior Counsel, Pacific Justice Institute, Santa Ana, CA, for Plaintiffs–Appellants

Marc A. LeForestier, Supervising Deputy Attorney General, Noreen Patricia Skelly, Attorney, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee

Kristen Law Sagafi, Tycko & Zavareei, LLP, Oakland, CA, for Amicus Curiae Physicians for Reproductive Health

Priscilla Joyce Smith, Esquire, Information Society Project, Yale Law School, New Haven, CT, for Amicus Curiae Information Society Project At Yale Law School

1. We also conclude that Livingwell have not raised "serious questions" going to the merits of their claims; thus, the alternate test set forth in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011), does not apply.

Before: D.W. NELSON, TASHIMA, and OWENS, Circuit Judges.

## MEMORANDUM *

A Woman's Friend Pregnancy Resource Clinic, et al. (collectively A Woman's Friend) appeals from the district court's denial of their motion for a preliminary injunction to prevent the enforcement of the California Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act (the FACT Act or the Act). We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

1. The district court properly found that A Woman's Friend cannot demonstrate a likelihood of success on their First Amendment free speech or free exercise claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). With respect to the free speech claim, the Act regulates licensed clinics' professional speech, and is subject to intermediate scrutiny, which it survives. See Nat'l Inst. of Family & Life Advocates (NIFLA) v. Harris, No. 16–55249, Slip op. at 26–34, 2016 WL 5956734 (9th. Cir. 2016). The Act's notice that applies to unlicensed clinics survives any level of review. See id. at 34–37. With respect to the free exercise claim, the Act is a neutral law of general applicability, which survives rational basis review. See id. at 37–39.

2. Because we affirm the district court's finding that A Woman's Friend cannot demonstrate a likelihood of success on their First Amendment claims, thus failing to meet the first, most important Winter factor, see Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc), we need not parse their showing under the remaining Winter factors.[1]

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We also conclude that A Woman's Friend have not raised "serious questions" going to the merits of their claims; thus, the alternate test set forth in Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011), does not apply. The district court's conclusion that there were serious questions going to the merits was harmless error because the district court appropriately denied the motion for a preliminary injunction.